IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOLEY MICHAELSON, | ) |
|               Plaintiff, | ) **COMPLAINT** |
| v. | ) Case No.: 4:21-cv-277 |
| AT&T COMMUNICATIONS, INC. | ) |
| & | ) |
| AFNI, INC. | ) |
| & | ) |
| I.C. SYSTEMS, INC. | ) |
| & | ) |
| EQUIFAX INFORMATION SERVICES, LLC | ) |
| & | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) |
| & | ) |
| TRANS UNION, LLC | ) **JURY TRIAL DEMANDED** |
|               Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Joley Michaelson, by and through the undersigned counsel, and for her Complaint against Defendants, AT&T Communications ("AT&T"), Afni, Inc. ("AFNI"), I.C. Systems, Inc. ("ICS"), Equifax Information Service, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("TU") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

1

("FCRA"), and The Deceptive Trade Practices Act ("DTPA"), Texas Bus and Com. Code, Section 17.50 states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681.

2. Venue is proper because the acts and transactions occurred here, Plaintiff resided here during the acts and transactions that occurred, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resided in the city of McKinney, a part of Colin County, Texas, 75070.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of McKinney, a part of Collin County, Texas 75070, making Sherman a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant AT&T, a Delaware corporation headquartered in Dallas, Texas practices as a telecommunications company that contracts with consumers throughout the United States.

8. Defendant AT&T is registered to transact business in Texas.

9. Defendant AFNI, an Illinois corporation headquartered in Bloomington, Illinois, practices as a debt collector throughout the country, including in Texas.

10. Defendant AFNI is registered to transact business in Texas.

11. Defendant AFNI attempts to collect alleged debts throughout the state of Texas, including in McKinney city and Collin county.

12. Defendant ICS, a Minnesota corporation headquartered in Vadnais Heights, Minnesota, practices as a debt collector throughout the country, including in Texas.

13. Defendant ICS is registered to transact business in Texas.

14. Defendant ICS attempts to collect alleged debts throughout the state of Texas, including in McKinney city and Collin county.

15. Defendant Equifax is a Georgia corporation headquartered in Atlanta, Georgia, and acts as a credit reporting agency throughout the United States.

16. Defendant Equifax is registered to transact business in Texas.

17. Defendant Experian is an Ohio corporation headquartered in Cosa Mesa, California and acts as a credit reporting agency throughout the United States.

18. Defendant Experian is registered to transact business in Texas.

19. Defendant Trans Union is a Delaware corporation headquartered in Chicago, Illinois and acts a credit reporting agency throughout the United States.

20. Defendant Trans Union is registered to transact business in Texas.

21. Defendants have actual knowledge of where Plaintiff resided, and by attempting to collect from, contract with, and report regarding Plaintiff, purposefully availed themselves to the jurisdiction in which Plaintiff resided.

22. Defendants have sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in McKinney city and Collin county and Defendants transact business throughout the state of Texas.

23. As Defendants knowingly contracted, attempted to collect, and reported regarding Plaintiff while Plaintiff was in McKinney, Texas, they thus have sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

24. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

25. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

26. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

27. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

4

## PARTIES

28. Plaintiff, Joley Michaelson, (hereafter "Plaintiff"), is a natural person residing in the State of Texas during the acts and omissions that gave rise to this cause of action.

29. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

30. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

31. Defendant AT&T is a Delaware corporation with its principal offices at Whitacre Tower, 208 South Akard Street, Dallas, Texas 75201.

32. Defendant AFNI is an Illinois corporation with its principal offices at 404 Brock Drive, Bloomington, Illinois 61701.

33. AFNI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

34. AFNI regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

35. Defendant ICS is a Minnesota corporation with its principal offices at 444 E. Highway 96, Vadnais Heights, Minnesota 55127.

36. ICS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

37. ICS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

38. Defendant Equifax is a Georgia corporation with its principal place of business at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

39. Defendant Experian is an Ohio corporation with its principal place of business at 475 Anton Blvd., Costa Mesa, California 92636.

40. Defendant Trans Union is a Delaware corporation with its principal place of business at 555 W. Adams, Chicago, Illinois 60661.

## FACTUAL ALLEGATIONS

41. Plaintiff is a natural person who contracted with AT&T for cable and internet services.

42. Plaintiff, as part of her contract, agreed to return equipment at the termination of her contract.

43. When cancelling the services in August 2018, Plaintiff sought to return her equipment.

44. AT&T advised Plaintiff that it would provide her with a box and pre-paid postage to complete the return.

45. AT&T failed to do so.

46. Plaintiff sought to have a box and postage delivered two more throughout the year times, but AT&T failed to provide it.

47. Plaintiff then, on July 24, 2019, took her equipment to a UPS store and returned the equipment. (**Exhibit A**).

48. Plaintiff returned five separate devices at a location authorized by AT&T to receive returns.

49. On or about August 2019, Diversified Consultants, Inc, a debt collector, sought to collect on the alleged outstanding balance, including $690.64 for alleged un-returned equipment.

50. The alleged debt was for the AT&T services at a residence, and thus was for primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

51. The letters sent by Diversified and credit reporting are "communications" as defined by 15 U.S.C. § 1692a(2).

52. Plaintiff informed Diversified Consultants, Inc. that this information was incorrect.

53. Diversified then sent Plaintiff a letter on September 6, 2019 advising that AT&T stated the account was correct.

54. At this point, AT&T knew or should have known of the dispute.

55. Then, on or about February 2020, AFNI sent a collection letter to Plaintiff regarding the same alleged AT&T debt.

56. The alleged debt sought by AFNI was for the AT&T services at a residence, and thus was for primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

57. The letters sent, telephone discussions and credit reporting by AFNI are "communications" as defined by 15 U.S.C. § 1692a(2).

58. AFNI knew, or should have known, that the alleged debt was disputed and improper.

59. AT&T knew, or should have known, that it was instructing AFNI to collect on an improper and invalid debt as the equipment had already been returned to AT&T.

60. Unfortunately, AFNI began reporting this clearly erroneous alleged debt to Plaintiff's credit reports with Equifax, Experian, and TU.

61. Plaintiff informed AFNI. that the account was incorrect again.

62. AFNI did not cease collection attempts at that time or update the account on Plaintiff's credit file.

63. AFNI, after May 2020, ceased servicing the account.

64. At some time better known by ICS and AT&T, ICS began servicing the account.

65. The alleged debt sought by ICS was for the AT&T services at a residence, and thus was for primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

66. The letters sent, telephone discussions and credit reporting by ICS are "communications" as defined by 15 U.S.C. § 1692a(2).

67. ICS began reporting the alleged debt at some time prior to November 2020.

68. ICS reported the alleged account as "affected by natural disaster."

69. Plaintiff at no point in time advised ICS that she had been affected by natural disaster or the COVID crisis.

70. Plaintiff again disputed the alleged debt with AT&T and advised she had returned all of the equipment.

71. AT&T responded only that she owed the balance, despite Plaintiff having a return receipt for the equipment that it claimed was unreturned.

72. ICS continues to report the improper debt that it knows or should know is incorrect. (**Exhibit B**).

73. Plaintiff has been unable to receive capital to finance her business due to the erroneous and consistent reporting of this alleged debt.

74. Plaintiff has had credit lines cancelled due to the credit drop that occurred when ICS reported the false account on her credit report.

75. AT&T has caused unnecessary anguish, cost, and damage to Plaintiff through its unconscionable pursuit of an incorrect balance.

76. Equifax, Experian, and TU continued to report this incorrect debt, despite Plaintiff's constant disputes.

77. Equifax, Experian, and TU failed to maintain reasonable procedures to maintain accuracy on Plaintiff's credit files.

78. Equifax, Experian, and TU failed to employ reasonable means to prevent the incorrect AT&T debt from resurfacing on Plaintiff's report.

79. Defendants AFNI and ICS, knew, or should have known, that the alleged debt was entirely incorrect.

80. Defendants AFNI and ICS attempted to collect on an invalid debt, to the detriment of Plaintiff.

81. AT&T knew it was seeking payment that was not owed by Plaintiff.

82. AT&T harassed and disadvantaged Plaintiff in an attempt to unfairly gain excess funds not owed by Plaintiff.

83. Defendant AT&T exercised control over Defendant AFNI and ICS's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

84. Defendant AT&T is vicariously liable for Defendant AFNI and ICS's actions as they had agency over determining the amount of the alleged debt that the debt collectors, Defendants AFNI and ICS, were allowed to attempt to collect on their behalf.

85. Defendants AFNI and ICS would not legally be allowed to collect the alleged debt on behalf of AT&T if Defendant AT&T had not in fact given them approval or agency to act on their behalf to collect in a manner AT&T had knowingly approved or permitted.

86. Upon information and belief, Defendant AT&T gave Defendants AFNI and ICS the green light, and thus agency, to attempt to collect the alleged debt in the manner in which AFNI and ICS did.

87. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

88. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

89. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

90. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendants' conduct.

91. Defendants' action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

92. Plaintiff would have pursued a different course of action had Defendants not violated the statutory protections created by Congress.

93. Plaintiff attempted to pursue her right yet was left with no actual knowledge as to how to proceed based on Defendants' actions.

94. Defendants' denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of her debt in order to make a rational determination as to how to proceed and forcing her to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

95. Defendants knew, or should have known, that the above actions were misleading and harassing in nature.

96. All of Defendants' actions and violations of the FDCPA complained of herein occurred within one year of the date of this Complaint.

97. All of Defendants' actions and violations of the FCRA complained of here occurred within two years of the date of this Complaint.

98. All of Defendants' actions and violations of the Deceptive Trade Practices Act complained of herein occurred within wo years of the date of this Complaint.

99. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

100. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

101. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

102. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**
**Joley Michaelson v. AT&T and AFNI**

103. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

104. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but

not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

105.  Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

106.  Defendants' collection efforts only serve to confuse and mislead the consumer.

107.  Defendants' collection efforts were materially false, misleading, and deceptive.

108.  Defendants continually attempted to collect on an incorrect debt, despite being aware it was invalid.

109.  Defendants continually reported an alleged debt to Plaintiff's credit, despite its knowledge that it was materially false, in violation of § 1692e(8).

110.  Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joley Michaeleson, prays that this Court:

A.  Declare that AT&T and AFNI's debt collection actions violate the FDCPA;

B.  Enter judgment in favor of Plaintiff Joley Michaelson and against AT&T and AFNI, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.  Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt
## Joley Michaelson v. AT&T and ICS

111.  Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

112. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

113. Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

114. Defendants' collection efforts only serve to confuse and mislead the consumer.

115. Defendants' collection efforts were materially false, misleading, and deceptive.

116. Defendants continually attempted to collect on an incorrect debt, despite being aware it was invalid.

117. Defendants continually reported an alleged debt to Plaintiff's credit, despite its knowledge that it was materially false, in violation of § 1692e(8).

118. Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Joley Michaelson, prays that this Court:

D. Declare that AT&T and ICS's debt collection actions violate the FDCPA;

E. Enter judgment in favor of Plaintiff Joley Michaelson and against AT&T and ICS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

F. Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation**
**Joley Michaelson v. AT&T and AFNI**

119. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

120. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

121. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status, including harming her financial health for a sum it knew was not owed.

122. Defendants' violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joley Michaelson, prays that this Court:

A. Declare that AT&T and AFNI's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Joley Michaelson, and against AT&T and AFNI for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT IV: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation
## Joley Michaelson v. AT&T and ICS

123. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

124. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

125. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status, including harming her financial health for a sum it knew was not owed.

126. Defendants' violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Joley Michaelson, prays that this Court:

D. Declare that AT&T and ICS's debt collection actions violate the FDCPA;

E. Enter judgment in favor of Plaintiff Joley Michaelson, and against AT&T and ICS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

F. Grant other such further relief as deemed just and proper.

**COUNT V: Violations Of § 1692f Of The FDCPA –Unfair Practices**
**Joley Michaelson v. AT&T and AFNI**

127. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

128. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

129. Defendants' communications with Plaintiff were deceptive and misleading.

130. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

131. Defendants' violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Joley Michaelson prays that this Court:

A. Declare that AT&T and AFNI's debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff Joley Michaleson and against AFNI for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C. Grant other such further relief as deemed just and proper.

### COUNT VI: Violations Of § 1692f Of The FDCPA –Unfair Practices
### Joley Michaelson v. AT&T and ICS

132. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

133. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

134. Defendants' communications with Plaintiff were deceptive and misleading.

135. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

136. Defendants' violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joley Michaelson prays that this Court:

  D. Declare that AT&T and ICS's debt collection actions violate the FDCPA;

  E. Enter judgment in favor of Plaintiff Joley Michaelson and against ICS for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  F. Grant other such further relief as deemed just and proper.

### Count VII: Violation Of 15 U.S.C. § 1681i of the FCRA-
### Reinvestigations of Disputed Information
### Joley Michaelson v. Equifax, Experian and TU

137. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

138. Defendants violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

139. As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

140. Defendants' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

141. The Plaintiff is entitled to recovery costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Joley Michaelson, prays that this Court:

A. Declare that Defendants' credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Joley Michaelson and against Defendants, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Joley Michaelson, and against Defendants, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## Count VIII: Violation Of Section 17.50 of Texas Business ad Commerce Code, Deceptive Trade Practices Act
## Joley Michaelson v. AT&T

142. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

143. AT&T violated Plaintiff's right when it used unconscionable acts and course of action against Plaintiff.

144. AT&T's constant pursuit of a debt it had actual knowledge was incorrect, instructing servicers to continue to attempt collection and to ruin her credit report is unconscionable.

145. AT&T has continued its campaign to harm Plaintiff for a debt she does not owe for years.

146. Plaintiff has suffered economic damages in the form of credit denials, credit cancellations, embarrassment, shame, mental anguish, and the lost benefit of the contract she paid toward.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joley Michaelson, prays that this Court:

A. Declare that AT&T's actions violated the Deceptive Trade Practices Acts;

B. Enter judgment in favor of Plaintiff Joley Michaelson, and against AT&T, for actual damages, economic damages, punitive damages, consequential damages, costs, and reasonable attorneys' fees.

C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

147. Plaintiff demands a trial by jury on all Counts so triable.

Dated: April 6, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By:   /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorney for Plaintiff*